CHARLES M. GRAY MARBLE AND SLATE COMPANY, Plaintiff, v. VALENTINE D. SCHAEFER, Trading as SOMMERVILLE ELEVATOR COMPANY, Respondent, and EARLINGTON REALTY CORPORATION, Appellant.

First Department, July 6, 1923.

Liens — mechanic's lien — motion to cancel notice of lien on ground that lienor failed to file notice of pendency within one year — respondent lienor's claim matured after this action was commenced — notice of lien was served and filed and pleadings amended by inserting lienor's name — notice of pendency was not filed nor was original notice amended — notice of lien not valid under Lien Law, § 17.

A notice of a mechanic's lien is not valid under section 17 of the Lien Law, and should be canceled, where it appears that the respondent lienor's claim matured after the commencement of this action; that a notice of lien was served and filed and the pleadings amended by inserting the name of the respondent lienor, but he failed to file a notice of pendency of action within one year after the date of filing the notice of lien and did not amend the original notice of pendency filed by the plaintiff herein so as to include his name as a party.

APPEAL by the defendant, Earlington Realty Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of March, 1923, denying its motion to cancel a notice of mechanic's lien filed by the defendant Valentine D. Schaefer, made on the ground that the lienor failed to file a notice of pendency of action within one year after the date of filing the notice of lien.

*I. Maurice Wormser* [*Milton Elias Schattman* with him on the brief], for the appellant.

*Hendrick & Hendrick* [*John H. Hendrick* of counsel; *John L. Sheehan* with him on the brief], for the respondent.

Finch, J.:

It appears that some two months after this action was commenced, the claim of the defendant, respondent, Schaefer matured. He thereupon served and filed a notice of lien and procured an order amending the pleadings so as to insert his name, but failed to amend the *lis pendens* already filed by the plaintiff so as to include his name therein as a party or to serve a *lis pendens* on his own behalf.

It would seem that the motion to cancel the notice of lien must be granted under the express provisions of section 17 of the Lien Law (as amd. by Laws of 1916, chap. 507), which provides: "No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed, containing the names of the parties to the action, the object of the action, a brief description of the real property affected thereby, and the time of filing the notice of lien; or unless an order be granted within one year from the filing of such notice by a court of record or a judge or justice thereof, continuing such lien."

Thus the principle of *lis pendens*, which prevailed in actions real under the common law and equity and was held to be constructive notice based on public policy arising from the pendency of the action, has been limited by statute to those whose names are now actually contained in the notice of pendency of the action or deemed to be included therein by an order of the court. There is no contention in the case at bar that the name of the respondent was thus included in the original notice of pendency of action or that any order was made continuing the lien within the period of one year as required by the provisions of the Lien Law above quoted. (Lien Law, § 17, *supra.*) "The office of a *lis pendens* is to give notice to all parties searching for liens against realty." (Lien Law of New York [6th ed. Snyder], 260.) As was said in *Danziger* v. *Simonson* (116 N. Y. 329, 334): "The object of the notice of pendency of action was to give notice to subsequent purchasers or incumbrancers, and all persons interested, of the nature of the claim, that an action had been commenced upon it and was pending, so that purchasers, incumbrancers and persons having an interest might be warned and placed upon their guard. There is just as much necessity for a notice of pendency to be filed where a foreclosure action is brought as there is when an action is brought to foreclose another mechanic's lien. The notice

of pendency filed by the plaintiff in the foreclosure action gives notice only of the pendency of that action, and subsequent purchasers were informed as to the nature and amount of the claim; but if a mechanic's lienor is made a party defendant, a subsequent purchaser, in the absence of a notice of pendency, has no notice of the existence of his lien, its nature or amount. True, he may find that the original claim was filed, but upon an examination of the lien docket he finds that the ninety days have expired and no notice of any action brought. He has notice of the existence of the foreclosure action, but he may be willing to take title to the premises and assume the mortgage and pay the amount claimed in that action. All this he may do and have no notice, constructive or otherwise, of the existence of an answer, on the part of a lienor, in which a judgment is demanded for the sale of the premises and that his lien be first paid out of the proceeds."

Nothing, therefore, has dispensed with the necessity of having the names of the parties in the notice of pendency, for if they were not included, the real function of a notice of pendency of action would be abrogated. The provisions of the statute providing for a lien not having been complied with, the lien is lost. " The duration of a lien is prescribed by statute and the right to enforce it, like the right to file and create it, is derived therefrom, and each is entirely dependent upon its terms." (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24, 29.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.