ISAAC MAAS, Plaintiff, *v.* ROBERT OLMSTEAD and Others, Defendants.

Supreme Court, Bronx County, April 19, 1926.

Liens — mechanic's lien — action to foreclose — subsequent lienor, made party to proceeding brought by original lienor, is not precluded from opposing defendants' application to discontinue proceeding because he failed to file notice of pendency — Lien Law, § 17, provides that failure of new defendant to serve lis pendens shall not abate action — fact that clerk of court failed to note amendment on record, making subsequent lienor party defendant, pursuant to order, does not deprive said lienor of rights — action should not be discontinued nor should notice of pendency be discharged until determination of rights of subsequent lienor.

A subsequent lienor, who, pursuant to an order, was made a party defendant in the original lienor's action of foreclosure against the defendants herein, owners and a lessee of the property against which a mechanic's lien was filed, is not precluded from opposing said defendants' application to discontinue said action, the claim of the original lienor having been settled, and for an order discharging of record a notice of pendency because he failed to file a notice of pendency, since section 17 of the Lien Law provides that if a lienor is made a party defendant in an action to enforce another lien and a *lis pendens* has been filed by either of the original parties to the action, the lien of the new defendant is continued and the failure on his part to file a *lis pendens* shall not abate the action.

Moreover, the order, which made the subsequent lienor a party defendant and directed the clerk of the court to amend the notice of pendency by adding the name of the subsequent lienor, made said lienor a party to the proceeding, and the failure of the clerk to perform his ministerial act of noting the amendment on the records of his office did not deprive said subsequent lienor of his rights accruing thereunder; therefore, defendants may not have the action discontinued and the notice of pendency vacated and discharged of record until a determination is made of the claim of the subsequent lienor.

MOTION by defendants, owners and lessee, for an order discontinuing an action for the foreclosure of a mechanic's lien and for a further order vacating and discharging of record a notice of pendency. ·

*Milton Altschuler*, for the motion.

*Alexander Rosenbaum*, opposed.

GIBBS, J.    Plaintiff instituted this action to foreclose a mechanic's lien.    The defendants named in the summons, complaint and notice of pendency of the action were the owners and a lessee of the property against which the lien was filed.    Thereafter and on December 4, 1925, an order was entered directing that one Otto L. Spannhake, a subsequent lienor, be made a party defendant and that the notice of pendency of the action be amended to include his name.    A supplemental summons and complaint were served on him February 15, 1926.    The amendment, however, was not made to the notice of pendency of the action.    The lien of Spannhake expired February 26, 1926.    He failed to file a *lis pendens*, nor did he apply for an order extending his lien.    On March 8, 1926, the claim of the plaintiff herein was settled.    The defendants, owners and lessee, now move for an order discontinuing the action against them and for a further order vacating and discharging of record the notice of pendency of the action filed by the plaintiff.    The moving parties contend that the failure of the defendant Spannhake to file a notice of pendency of the action precludes him from opposing · their application.    They rely upon the case of *Gray Marble & Slate Company* v. *Schaefer* (206 App. Div. 167) wherein it was held that the failure of a lienor to file a notice of pendency of action within one year after the date of filing of notice of lien and omission to amend the original notice filed by the plaintiff so as to include the subsequent lienor as a party, barred his recovery.

Section 17 of the Lien Law (as amd. by Laws of 1916, chap. 507) provides that the duration of a mechanic's lien is limited to one year unless an action is brought within that time to foreclose the lien and a notice of pendency of the action is filed with the county clerk, or unless the lien is continued by an order of the court.    This section, however, further provides that if a lienor is made a party defendant to an action to enforce another lien and a *lis pendens* has been filed by either of the original parties to the action, the lien of the new defendant is continued and the failure on his part to file a *lis pendens* shall not abate the action, but that the suit may be prosecuted to judgment against any person liable pursuant to the lien.    The order making Spannhake a party defendant directed the clerk of the court (county clerk of Bronx county) "to amend"

the notice of pendency of action of record and to add the name Otto L. Spannhake, together with a reference to the date of the entry of this order. The moving parties have obviously overlooked the following principle enunciated by the court writing the decision in the case cited by them: " Thus the principle of *lis pendens*, which prevailed in actions real under the common law and equity and was held to be constructive notice based on public policy arising from the pendency of the action, has been limited by statute to those whose names are now actually contained in the notice of pendency of the action or *deemed to be included therein by an order of the court.*"

In the case at bar the supplemental summons and complaint was served upon the defendant Spannhake within one year from the time he filed his lien. By the order dated December 4, 1925, he was made a party to the proceeding and the " pleadings, papers and proceedings " in the action were *deemed amended* so as to include Spannhake's name. The omission or failure of the clerk to perform the ministerial act of noting the amendment on the records in his office did not deprive the lienor of his rights accruing thereunder. (*Manton v. Brooklyn & Flatbush Realty Company*, 217 N. Y. 284.) It does not appear from the papers that the rights of third parties are in any way prejudiced. The defendant Spannhake is entitled to have his suit continued until a determination of his claim. Accordingly the motion is denied. Submit order.