■ DEPOT CONSTRUCTION CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39602.) — REYNOLDS, J. Appeal by the State from a judgment of the Court of Claims in favor of respondent in the amount of $94,707.40, plus interest, for extra and additional labor performed in the construction of a building for the New York State Department of Mental Hygiene on Ward's Island in the City of New York. The disputed portion of the award involves an allowance of $87,713 for additional rock excavation. Respondent entered the contract to perform the rock excavation on the basis of an estimate of having to remove 500 cubic yards of general rock at $10 per cubic yard and 600 cubic yards of trench and pier rock at $22 per cubic yard. The contract, however, although nominally in the form of a "lump sum" agreement was, in fact, made for actual yardage involved, providing specifically for payment for additional excavation at the same rate and also for the contingency of an underrun. To achieve the proper footings 775 cubic yards of general rock excavation and 2,207 cubic yards of trench and pier rock excavation were actually required. This large overrun came about because test borings performed by the State and relied on by respondent did not accurately represent the true condition of the subsoil. The court below, characterizing these test borings as "insufficient" and "not generally related to the situs in which the building was to be erected" and finding that the conditions encountered compelled the use of jackhammers and additional pumping equipment, held that the additional excavation required "was not additional work under the terms of the contract" and "was work outside of any reasonable contemplation at the time of the contract", thus requiring reimbursement "outside the general provisions of the contract", i.e., on the basis of actual cost plus overhead and profit. As previously noted, the State does not here dispute all liability (*Lizza & Sons* v. *State of New York*, 22 A D 2d 853), just the method of computing the amount of the award for the overrun. Since we do not find the State to have been guilty of bad faith or fraudulent misrepresentation with respect to the test borings (cf. *Jackson* v. *State of New York*, 210 App. Div. 115, affd. 241 N. Y. 563), the test is whether the additional excavation amounted to only a quantitative change in the amount of rock to be excavated or a qualitative change in the nature of the work

to be performed. If a mere quantitative change is involved the contract provisions would apply as the State contends (*Del Balso Constr. Corp.* v. *City of New York*, 278 N. Y. 154, 159–162). On the other hand, if there is a qualitative change the respondent would be entitled to compensation for the extra work on a *quantum meruit* basis (*Johnson, Drake, & Piper* v. *New York State Thruway Auth.*, 22 A D 2d 321, 324). The Court of Claims found a change in identity of the work on the grounds that the conditions encountered required the use of jackhammers and additional pumping equipment. It is clear, however, that contingencies requiring the utilization of such equipment were within the contemplation of the parties and, in fact, were expressly provided for in the contract. Thus, in our opinion, any change was quantitative and the additional amount due to respondent should have been computed on the basis of the contractual terms. Accordingly, the judgment should be modified to reduce the amount awarded for additional rock excavation to $9,017. Judgment modified, on the law and the facts, to reduce the award for rock excavation to $9,017 and the total award to $16,011.40 plus interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur. [41 Misc 2d 764.]