TUFANO CONTRACTING CORP., Respondent, *v.* STATE OF NEW YORK, Appellant.   (Claim No. 41888.)

Third Department, May 6, 1966.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf* and *Ruth K. Toch* of counsel), for appellant.

*Emanuel Harris, Max E. Greenberg* and *David A. Trager* for respondent.

REYNOLDS, J. This is an appeal by the State from a judgment of the Court of Claims (SIMON, J.), awarding the claimant $443,652.98, plus interest, for expenses of constructing additional detours and $19,920.43, plus interest, for delay on the whole project caused by the construction of these extra detours.

On April 14, 1959 claimant contracted with the State to reconstruct 6.11 miles of the Southern State Parkway on Long Island. The original completion date was October 1, 1960, but through extensions granted by the State the work was finally completed in July of 1962. During this period claimant built some 123 to 128 detours to divert traffic from adjacent work sites where other contractors were also engaged in reconstruction operations. It is not disputed that the specifications upon which the claimant bid called for only 28 detours to be constructed or that the construction of the detours was necessary. Furthermore the record reveals that the State Engineer directed the construction of these detours.

The State initially disputes all liability contending that by the terms of the contract claimant was to build all detours that proved to be " necessary " at the project no matter how many were involved. We cannot accept this construction. The only reasonable interpretation to the conflicting terms of the agreement is that as part of the agreement claimant would construct temporary detours " as necessary " and " when directed by the engineer " but only up to a limit of 28 such detours. To this same end the State relies on a contract provision which reserves to it " the right, at any time during the progress of the work, to alter the plans or omit any portion of the work as it may deem reasonably necessary for the public interest; making allowances for additions and deductions at the prices named in the proposal, for this work without constituting grounds for any claim by the contractor for allowance for damages or for loss of anticipated profits, or for any variations between the approximate quantities and the quantities of the work as done." The State contends that by virtue of this provision it was not liable for damages for the additional detours required but only for the unit prices as provided in the contract for the extra materials utilized for which claimant has been fully compensated. The validity of this argument depends on whether the additional work amounted to only a quantitative increase or a

qualitative change in the nature of the work outside the contemplation of the contract. As we recently stated in *Depot Constr. Corp.* v. *State of New York* (23 A D 2d 707, 708) : " the test is whether the additional excavation amounted to only a quantitative change in the amount of rock to be excavated or a qualitative change in the nature of the work to be performed. If a mere quantitative change is involved the contract provisions would apply as the State contends (*Del Balso Constr. Corp.* v. *City of New York,* 278 N. Y. 154, 159–162). On the other hand, if there is a qualitative change the respondent would be entitled to compensation for the extra work on a *quantum meruit* basis (*Johnson, Drake & Piper* v. *New York State Thruway Auth.,* 22 A D 2d 321, 324).'' Here, while the 123 to 128 detours constructed are in a sense simply a quantitative increase over the number of detours envisaged at the time of contracting, it is also clear that, unlike in *Depot Constr. Corp.* v. *State of New York* (*supra*) and *Johnson, Drake & Piper* v. *New York State Thruway Auth.* (22 A D 2d 321), the additional involvement was not originally contemplated by the parties. Nor can the claimant be held to have anticipated that almost 100 more detours even though many were small would be necessitated because of the erratic traffic flow caused by exigencies of neighboring projects. Thus the increase in the number of detours not being within the contemplation of the contract, the unit price, '' no damage '' clause is not therefore applicable. (See *Foundation Co.* v. *State of New York,* 233 N. Y. 177, 188.)

The State also urges that even if claimant is entitled to a *quantum meruit* recovery, the method of computing the amount due in the instant case was erroneous. The Court of Claims arrived at the award figure by subtracting the $890,972.50 paid to the claimant for detours (based on the unit prices specified in the contract plus the sum of $104,000 as specified in the contract for '' Maintenance and Protection of the Traffic '') from the $1,334,625.48 it actually cost the claimant to build *all* detours. The State argues, and we believe correctly, that it is only the *extra* work above that utilized in constructing the 28 original detours contemplated in the contract for which the claimant is entitled to recover in *quantum meruit* (*Matter of Stange* v. *Thompson-Starrett Co.,* 261 N. Y. 37, 44–45). Here there is absolutely no proof as to how much of the total $1,334,625.48 cost is attributable to the original detours, which should be compensated for on a unit price basis under the contract, and how much to the additional detours. Similarly, since the amount included as part of the $443,652.98 award for extra work performed by a paving subcontractor was arrived at by simply

taking the difference between the subcontractor's actual cost and what claimant paid him, there is no indication as to how much, if any, of this amount was actually due to delays caused by extra detour construction and not to other reasons. Thus while we find that claimant is entitled to a *quantum meruit* recovery in connection with its construction of additional detours, the matter must be remitted for additional proof as to the division between work covered by the contract, to which contract prices pertain, and extra work to be compensated for on a *quantum meruit* basis. Since the remittal is for the purpose of further examining the damages as to those detours which come under the unit price of the contract and those detours which are on *quantum meruit* the attention of the court is invited to CPLR 4404 (subd. [b]).

With respect to the award for delay on the whole project caused by the construction of the extra detours, we find, in view of the foregoing discussion, that the weight of the evidence supports the award rendered.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, without costs.