■ ARCHIE O. JOSLIN, Respondent, v. ALLEN & Co., et al., Appellants, et al., Defendants.— Order, entered on June 16, 1969, unanimously reversed on the law and motions to dismiss the complaint herein granted, with $50 costs to defendants-appellants. All of the causes of action pleaded against each defendant, which, in essence, seek the recovery of a finder's fee, except plaintiff's claim against Eastman Dillon, Union Securities & Co., as embodied in the first cause of action, are barred by the Statute of Frauds contained in section 5–701 of the General Obligations Law. (*Minichiello* v. *Royal Business Funds Corp.,* 18 N Y 2d 521, cert. den. 389 U. S. 820; *Cohon & Co.* v. *Russell,* 23 N Y 2d 569; *Intercontinental Planning* v. *Daystrom, Inc.,* 30 A D 2d 519, affd. 24 N Y 2d 372.) Defendant, Eastman Dillon is entitled to summary judgment dismissing the first cause of action against it, which is based upon the theory of joint venture, because of plaintiff's failure to come forward with any evidentiary support for his claim for equitable relief. In particular, plaintiff's claim that Eastman Dillon may have received concealed compensation is entirely speculative and unsupported. The record is devoid of any factual showing indicating that the compensation paid to Eastman Dillon for its underwriting of a bond issue for Martin Marietta Corporation was in any way whatever related to the sale of the Harvey Aluminum stock. In addition, plaintiff wrote to Eastman Dillon on December 1, 1965, long before the sale was effected, that he was "sorry nothing has come of it [the acts which he now claims entitle him to a finder's fee]". The matter ended there insofar as plaintiff is concerned. Concur — Capozzoli, J. P., McGivern, Markewich and Nunez, JJ.

■ ANGELIA TOMICH et al., Respondents, v. VICTOR COHEN, Appellant. (Action No. 1.) EDMUND SALAMA, Respondent, v. VICTOR COHEN, Appellant. (Action No. 2.) — Order entered April 3, 1968, unanimously modified on the law and the facts, so as to strike the last decretal paragraph and otherwise affirmed, without costs or disbursements. This belated attempt, now eight years after the accident, to serve an amended complaint containing a radically new cause of action, cannot be accepted. Laches and prejudice have long since set in. In effect, this court has already said as much. See *Salama* v. *Cohen* (28 A D 2d 650) wherein we affirmed a previous rejection by a prior Special Term of plaintiff's effort to serve a supplemental bill of particulars embodying the alleged fact of "driver negligence." In view of the foregoing, order appeal from, entered May 23, 1968, is now academic and of no force. Concur — Capozzoli, J. P., Tilzer, McGivern, Nunez and Steuer, JJ.