A. B. C. CARPET CO., INC., Plaintiff, *v.* JASON MINICK, INC., Appellant, et al., Defendants, and SANDY'S UPSTATE BUILDING SUPPLY, INC., Respondent.

Third Department, October 31, 1974.

*O'Connell & Aronowitz, P. C.* (*Fred B. Wander* of counsel), for appellant.

*Kleinman & Saltzman* (*George A. Roland* of counsel), for respondent.

HERLIHY, P. J. The action herein was commenced on January 6, 1971 by the service of a summons and complaint on behalf of the plaintiff. The statement required by CPLR 5531, attached to the record herein, recites that the defendant Jason Minick, Inc. [hereinafter Minick] served its answer on December 27, 1972; however, the statement does not recite when and if the answer of the respondent was served, and/or when the cross claim contained in the answer was served on Minick. The motion papers contain an affirmation by the respondent's substituted attorney wherein it is recited that, after the commencement of the action against the respondent by the plaintiff, the respondent served an answer containing a cross claim for the foreclosure of its own mechanic's lien. Minick submitted an opposing affidavit which denied that any answer containing a cross claim had ever been served upon it prior to the instant motion to file an amended claim. The motion contains a copy of the original answer and cross claim filed by the respondent. Upon this appeal, Minick does not dispute that said original answer and cross claim had been duly served upon it.

The original cross claim recited that respondent had furnished various materials for use in construction of the real property owned by Minick at the special instance and request of two subcontractors. The cross claim further recited that it had filed a mechanic's lien against the interest in the real property of the plaintiff and that said lien had not been paid. The relief demanded in the cross claim was that the lien be foreclosed and that the lien be found superior to that of the plaintiff. The amended answer contained new facts reciting that the subcontractors with whom the respondent had dealt in furnishing supplies for construction upon the real property of Minick were actually the alter ego of Minick and that Minick was identical therewith. Furthermore, the amended cross claim asserts that a named individual active in the construction upon Minick's premises was the agent and employee of Minick. In the amended cross claim, the respondent asserts that the primary obligor for the debt to it is Minick as opposed to the assertion in its original cross claim that the obligor on the debt was one of Minick's subcontractors or contractors. Nevertheless, the first cross claim, as proposed in the amended cross claim, still seeks only the foreclosure of a lien.

However, the proposed new answer and cross claim contains a separate and distinct additional cross claim to recover the value of the supplies delivered directly from Minick.

As noted hereinabove, this action was commenced by the plaintiff on January 6, 1971. The record contains an affidavit on behalf of respondent submitted by its president. In that affidavit it is alleged that a prior attorney for the respondent filed an original answer in the action on January 21, 1971. It is to be observed that from January 21, 1971 to the date of the motion for permission to amend the answer establishes a time lapse of over $2\frac{1}{2}$ years on the part of the respondent in alleging the new facts contained in the amended cross claim. It is alleged by the president of the respondent that he had no personal information in regard to the underlying relationships between Minick and Minick's contractors or subcontractors prior to the summer of 1973. The affirmation submitted by the respondent's attorney presents no facts which would establish that the prior attorney had not been well aware of the facts and possible cause of action now sought to be contained in the amended cross claim. The affirmation of the respondent's attorney does establish that the case had been placed on the Albany County nonjury calendar on December 2, 1971 and was thereafter deferred, being marked off the nonjury trial calendar in January of 1973. An excuse was offered on behalf of the respondent for permitting the case to be marked off in that the respondent's attorney's affirmation has the hearsay allegation that the prior attorney had relied upon control of calendar proceedings by the plaintiff's attorney.

While it is true that under the CPLR, leave to amend the pleading is to be liberally granted, nevertheless, such a substantial delay as is present herein should be supported by a rational excuse. The affidavit on behalf of the respondent submitted by its president contains a hearsay allegation to the effect that the facts now sought to be asserted in the cross claim against Minick had been discovered during pretrial procedures in other cases against Minick in regard to the construction upon its premises. Such an allegation is entirely insufficient to establish that the facts were not readily available to the respondent and its attorney for a long period of time prior to the motion herein. Minick should not at such a late date, in view of the fact that the case was marked off the calendar at and prior to the time this motion was made, be subjected to what is clearly a new claim not in any way theretofore alleged. In this regard, the present case is not similar to *Rife* v. *Union Coll.* (30 A D

2d 504) since in *Rife* all of the essential facts were alleged in the original complaint and the sole amendment of the complaint was to set forth an additional theory based upon the facts theretofore alleged.

Upon the record as a whole, the granting of the motion to amend was an abuse of discretion and merely served the purpose of reviving an action as between the parties to this appeal which the respondent had made no apparent attempt to pursue prior to the motion herein.

The order should be modified, on the law and the facts, with costs, by striking so much thereof as granted the respondent's motion to amend its answer and cross claim and by substituting therefor a new decretal paragraph denying the motion to amend the answer and cross claim, and, as so modified, affirmed.

COOKE, SWEENEY, KANE and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, with costs, by striking so much thereof as granted the respondent's motion to amend its answer and cross claim and by substituting therefor a new decretal paragraph denying the motion to amend the answer and cross claim, and, as so modified, affirmed.