Harold J. Hughes, J.
This is a motion by the defendant Diversified Mortgage Investors (hereinafter DMI) for partial summary judgment, for leave to serve a second amended answer and to join other party defendants and to serve a uniform pleading as against all parties.
The present action was commenced in August, 1974 to foreclose two mechanics’ liens filed against a combination housing and recreational development in Greene County. The named defendants were the owner of the development, Sleepy Hollow Lake, Inc., and 13 other mechanics’ lienors, all of whom had filed notices of lien against the development prior to the filing of plaintiffs’ notices of lien on August 16, 1974. Plaintiffs duly filed a notice of pendency in the action in the office of the Clerk of Greene County on August 22,1974.
After commencement of the action and the filing of the original notice of pendency, and between August 28, 1974 and November 7, 1974, 13 additional mechanics’ lienors filed 15 liens against the development. Each of these lienors obtained orders pursuant to section 62 of the Lien Law which joined them in the action as party defendants.
The court orders issued pursuant to section 62 of the Lien Law contain varying language which movant has grouped into three separate categories, as follows:
(1) The first form of order, obtained by Bryant Lumber Corporation, "ordered that pursuant to section 62 of the Lien *659 Law that the pleadings, papers and proceedings of the other several parties in the above-captioned action should be deemed amended.”
(2) The second form of order, obtained by six lienors, "ordered * * * that the summons, complaint and notice of pendency of action and all other pleadings, papers and proceedings of the several other parties to this action shall be deemed amended by adding thereto, as party defendant, the name of said movant.”
(3) The third form of order, obtained by six lienors, provided substantially "that the summons, complaint and lis pendens herein filed in the office of the clerk of the County of Greene on August 22, 1974 and all pleadings, papers and proceedings herein be amended by adding thereto the name of [the moving lienor] as a party defendant * * * and that all amendments hereby directed shall be deemed effective without the making or service of any pleadings herein.”
No original or amended notice of pendency containing the names of the added defendants was ever filed in the county clerk’s office nor were any of the liens redocketed within a year from their filing except that of Bryant Lumber Corporation, and the Bryant Lumber Corporation lien has not been continued by court order for a further year.
DMI was joined as a party defendant by order made on April 10, 1975 so that the various mechanics’ lienors or parties to the action might assert against it counterclaims and cross claims alleging the priority of their liens over mortgages held by DMI. The present motion seeks the following relief:
(1) Partial summary judgment dismissing the actions to foreclose the liens of the 13 defendants joined in the action after the filing of the notice of pendency on August 22, 1974; and
(2) Leave to assert a counterclaim and cross claim to foreclose its $5 million mortgage and, if the latter relief is granted, to join other parties who would be necessary defendants in the mortgage foreclosure action.
It is movant’s contention that the liens of the 13 mechanics’ lienors who were joined as party defendants in the action after the filing of plaintiffs’ notice of pendency on August 22, 1974 have been extinguished as a matter of law because of the failure of said lienors to comply with the requirements of section 17 of the Lien Law. Section 17 provides that a mechan *660 ic’s lien continues as a lien for a period of one year after filing unless within that year either: (1) an action is commenced to foreclose the lien and a notice of pendency of such action is filed with the county clerk of the county in which the notice of lien is filed, containing the names of the parties to the action, the object of the action, a brief description of the real property affected thereby and the time of the filing of the notice of lien; or (2) an order is granted within one year from the filing of the notice continuing such lien and the lien is redocketed as of the date of the regranting of the order and a statement made that the lien is continued by virtue of the order.
Section 17 further provides that: "If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. The failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person.”
In the present case it is undisputed that no original or amended notice of pendency has been filed in the county clerk’s office of Greene County containing the names of the 13 lienor-defendants who filed their respective liens and were joined in the action after August 22, 1974, the date of the commencement of the action and the filing of plaintiffs’ original notice of pendency. It is further undisputed that none of the foregoing liens have been redocketed within one year from their filing except that of Bryant Lumber Corporation, and the Bryant Lumber lien has not been continued by court order for a further year. DMI asserts that since the 13 subsequent lienors failed to comply with either of the two procedures mandated by section 17 of the Lien Law, their liens have lapsed.
Both the movant and the various mechanics’ lienors rely on Gray Marble & Slate Co. v Schaefer (206 App Div 167, affd 237 NY 576) in which a motion to cancel a lien was granted pursuant to section 17 of the Lien Law because the lienor had procured an order amending the pleading so as to assert his name but failed to amend the lis pendens already filed by the plaintiff so as to include his name therein as a party or to serve a lis pendens on his own behalf. It is important to note *661 the following language in the court’s decision: "Thus the principle of lis pendens, which prevailed in actions real under the common law and equity and was held to be constructive notice based on public policy arising from the pendency of the action, has been limited by statute to those whose names are now actually contained in the notice of pendency of the action or deemed to be included therein by an order of the court.” (206 App Div 167, 168, supra.)
Thus, the court recognized that a lienor’s name need not actually be contained in the notice of pendency if it is deemed to be included therein by an order of the court. It is important to point out that this interpretation of section 17 was made explicit in the question certified to the Court of Appeals (237 NY 576): "Under section 17 of the Lien Law, is the lien of a lienor continued for a longer period than one year when he has been made a party defendant to an action already begun to enforce another lien, wherein the plaintiff prior to the filing of this defendant’s lien has filed a notice of pendency of the action within the prescribed time which, however, does not contain this particular lienor’s name, when the defendant, so joined, does not file a notice of pendency or obtain an order amending the original notice of lien or obtain an order extending the duration of his lien?” (Emphasis added.)
In what appears to be the only other reported case on the issue, Maas v Olmstead (127 Misc 158, 160), the court quoted the language of the Appellate Division set forth above and rejected the movant’s contention that a lien must be discharged for failure to comply with section 17 in the following language: "In the case at bar the supplemental summons and complaint was served upon the defendant Spannhake within one year from the time he filed his lien. By the order dated December 4, 1925, he was made a party to the proceeding and the 'pleadings, papers and proceedings’ in the action were deemed amended so as to include Spannhake’s name. The omission or failure of the clerk to perform the ministerial act of noting the amendment on the records in his office did not deprive the lienor of his rights accruing thereunder. (Manton v. Brooklyn & Flatbush Realty Co., 217 N. Y. 284),”
Upon the foregoing authority, this court holds that all of the orders herein effectively amended the notice of pendency to include the names of the various lienors, and, therefore, DMI’s application to extinguish their liens for noncompliance with section 17 must be denied.
*662 With regard to DMI’s motion for leave to amend its answer in order to assert its action to foreclose the $5 million mortgage, it is undisputed that DMI was joined as a party in April, 1975 and that issue was joined in May, 1975 when DMI’s answers were served upon the colienors and defendants. Thereafter, DMI moved for leave to amend its answer and that relief was granted. On March 19, 1976 DMI served its amended answer. Twenty-one months after having been joined as a party defendant and 10 months after having served its first amended answer, DMI now seeks leave to serve a second amended answer.
It is uncontroverted that the facts which are the basis for the claim sought to be interposed in DMI’s second amended answer were known to the movant when it was first joined as a party defendant. Movant estimates that approximately 87 parties will be participating in the action if the amendment is granted, thereby increasing the number of parties by some 66 defendants. It is obvious that the addition of some 66 parties defendant would necessarily result in a substantial delay in the trial which all the parties agree is tentatively scheduled to take place in April, 1977. It is highly improbable that if leave to amend is granted, service of responsive pleadings and bills of particulars and discovery procedures will be completed by April, 1977 or even by the next Trial Term in Greene County, September, 1977.
The courts have uniformly held that where a movant has inordinately delayed in seeking leave to amend a pleading after he has knowledge of the facts which he seeks to put in his later pleading (see A.B.C. Carpet Co. v Minick, Inc., 45 AD2d 566; James-Smith v Rottenberg, 32 AD2d 792; De Fabio v Nadler Rental Serv., 27 AD2d 931) and where the amendment would unduly delay the trial, a motion for leave to serve an amended pleading should be denied (Foster Co. v Terry Contr., 25 AD2d 721; O’Hara v Tidewater Oil Co., 23 AD2d 870).
Both elements are present in the instant case. Accordingly, this court, in its discretion, will deny that portion of DMI’s motion to amend its answer.
DMI’s attorney states in his affidavit that DMI is entitled in any event to commence a separate action to foreclose the $5 million mortgage. Its immediate objective in moving to foreclose the mortgage in the pending action is to achieve an economy in both the court’s and litigants’ time by having all *663 issues necessary to obtain a clear title to the property determined in one proceeding in which all interested parties are joined. It is this court’s opinion, however, that the joining of the mortgage foreclosure action with the actions to foreclose the mechanics’ liens would not only substantially delay the latter actions but would also introduce needless complexity into the pending trial.
The motion shall be denied, without costs.