(August 26, 1982)

■ EDENWALD CONTRACTING CO., INC., Appellant, v CITY OF NEW YORK, Respondent. — Order, Supreme Court, New York County (Ellerin, J.), entered February 18, 1982, which, upon defendant's motion to reargue and renew, granted leave to amend the answer to plead the affirmative defense of waiver and release and, further, granted defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment on the second and third causes of action, unanimously reversed, on the law, the motion to reargue is denied, and the prior order, entered February 17, 1981 is reinstated, without costs, and the matter is remitted for a hearing on "damages for losses claimed in *quantum meruit*", in accordance with that prior order. The parties entered into a contract in December of 1970 for materials and construction of certain sidewalks in Brooklyn. Plaintiff commenced this action on July 1, 1971, alleging that the city unilaterally changed the contract plans, causing an unexpected 128% overrun, which was not fairly compensated for by the city. On October 3, 1979, five years after service of the note of issue, the city raised the issue of four releases signed by plaintiff in 1971 in which Edenwald waived all claims "[i]n consideration of the granting, *for the purpose of expediting payment* * * * of an extension of contract time" (emphasis supplied). (Of course, payment did not get expedited.) The case was adjourned so that the city could make a motion to dismiss on this basis, and on October 31, 1979, it did so. Plaintiff opposed the motion and cross-moved for summary judgment on the second and third causes of action in *quantum meruit,* the first cause of action (seeking the balance due under the terms of the contract) having been withdrawn upon satisfaction after the action was commenced. Special Term granted the cross motion and set the matter down for an assessment. Noting that the waiver defense had not been pleaded and the motion was not one to amend, the court declined to deem it such (CPLR 3025) since the city offered no excuse for the six and one-half year hiatus between commencement of the action and the raising of the defense. (Compare CPLR 3211, subd [e].) Also important was the ·failure of the city to furnish the location of a "key witness," a former chief engineer for the city, whose testimony plaintiff alleged would conform to plaintiff's position as to the reach of the releases. In granting the cross motion Special Term relied upon *Tufano Contr. Corp. v State of New York* (25 AD2d 329, 28 AD2d 951, affd 26 NY2d 823) to rule that "plaintiff cannot be held to have anticipated that the quantities of the loss generating items * * * would be so unreasonably disproportionate to their stated estimates [which] * * * cannot, as defendant City urges, be treated as wholly arbitrary figures *which are in no way controlling.*" As noted, Special Term's decision was entered as an order on February 17, 1981. The city then moved "to renew and reargue," supplying the

location of the "key witness" but still not giving any explanation why the affirmative defense of the four waivers was asserted six and one-half years after the litigation had commenced. Special Term was sympathetic, however, found that the location of the "key witness" removed the prejudice to plaintiff and enabled the court to overlook defendant's protracted delay in raising the defense. The city's motion to dismiss was deemed to be one to amend, on authority of *Murray v City of New York* (43 NY2d 400). Thus reaching the merits, the learned Justice at Special Term found this court's and the Court of Appeals decision in *Mars Assoc. v City of New York* (70 AD2d 839, affd 53 NY2d 627) to be controlling. Without discussing its earlier finding that the city had not, in fact, made "expeditious payment," Special Term held the four waivers fully binding on plaintiff and granted the city's motion to dismiss. We disagree. In *Mars* the waiver, similar in language to those here, was given (signed) for consideration received. Plaintiff here did not receive "expeditious payment", and thus, no consideration. The facts of *Mars* (*supra*) distinguish the holding there and make it entirely inapplicable here. Moreover, we are of the opinion that the city, by its failure to assert the waivers for five years after the service of the note of issue, is guilty of laches and should not now be allowed to assert what it has already waived. (CPLR 3211, subd [e].) This is not the case, as in *Murray v City of New York* (*supra*, at p 407), where the defense consisted of "an exclusive remedy as a matter of substantive law and, hence, whenever it appears or will appear from a plaintiff's pleading", the burden of proof as to its inapplicability shifts to the plaintiff. Lastly, since the city had access to the location of the "key witness" all along, the motion was incorrectly denominated as one to renew (*Foley v Roche*, 68 AD2d 558). With no excuse whatsoever offered for the city's delay, it was an abuse of discretion to grant the motion under CPLR 3212 since the city's laches was akin to default on the issue. (*Saleem v Tamm*, 67 Misc 2d 335; *A. B. C. Carpet Co. v Jason Minick, Inc.*, 45 AD2d 566; *Greenberg v Bar Steel Constr. Corp.*, 27 AD2d 651; compare *Walston & Co. v Klein*, 44 Misc 2d 607, affd 24 AD2d 559; *Ad Press v Environmental Enterprises*, 41 AD2d 636; *Tomich v Cohen*, 33 AD2d 736.) Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.