■ A. J. Pegno Construction Corporation, Respondent, v City of New York, Appellant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered December 20, 1982, denying the motion of the City of New York to amend its answer to add the defense of release as a tenth affirmative defense, and for partial summary judgment dismissing the plaintiff's fourth cause of

action, modified, on the law, on the facts, and as an exercise of discretion in the interest of justice, to grant the motion to amend the answer to interpose the defense of release, and otherwise affirmed, without costs. In 1974 plaintiff, a general contractor, entered into a contract with the New York City Transit Authority to modernize the subway station at 161st Street and Jerome Avenue in The Bronx. In this action, commenced April 24, 1978, plaintiff seeks to recover a balance allegedly due under the contract, moneys for extra work and, as pertinent to the issue raised upon the appeal, damages for an alleged breach of contract caused by the city's delays and interference. The city's verified answer, served on August 28, 1978, interposed nine defenses in addition to denials of several of the allegations in the complaint. On August 31, 1982, the city moved for leave to amend its answer to add the defense of release as a tenth defense, and for partial summary judgment dismissing the fourth cause of action on the basis of this defense. Special Term denied the motion to amend the answer, concluding that the right to add the defense of release had been waived under CPLR 3211 (subd [e]), that no adequate excuse for delay had been given, and that the delay constituted laches. We disagree and accordingly modify the order entered at Special Term to extend to the city permission to amend its answer to interpose the additional defense of release. CPLR 3025 (subd [b]) is specific in its direction that leave shall be freely given to a party to "amend his pleading * * * at any time". Contrary to plaintiff's position on this appeal, this statutory direction has been held repeatedly to apply to defenses deemed "waived" under CPLR 3211 (subd [e]) when not raised "either by * * * motion or in the responsive pleading." (See, e.g., *Fahey v County of Ontario,* 44 NY2d 934; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 91 AD2d 516; *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680.) As the Court of Appeals observed in *Fahey v County of Ontario* (*supra,* at p 935): "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay." The kind of prejudice required to defeat an amendment is clearly described in Siegel, New York Practice (§ 237, p 289): "It must obviously be a showing of prejudice traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added." There must be "some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add." (*Ibid.*) No such showing appears in plaintiff's papers opposing the motion to amend. Additionally we note that the proposed defense of release, whether or not it ultimately proves dispositive, is clearly legally sufficient to set forth a defense. Moreover, defendants' papers are persuasive that neither counsel nor any of defendant's officials concerned with this litigation were aware of the release until shortly before the motion to amend was made, the release having been maintained in the files of one of the New York City Transit Authority's operating divisions and not having been forwarded to those responsible for the litigation. Also the motion to amend occurred prior to the completion of discovery between the parties. This court's decision in *Edenwald Contr. Co. v City of New York* (89 AD2d 836), relied on by Special Term, is clearly distinguishable on multiple grounds, that decision turning on the presence of several factors wholly absent in this case. Concur — Murphy, P. J., Sandler, Carro and Lynch, JJ. Kupferman, J., dissents on the opinion of Kirschenbaum, J., at Special Term.