■ DOROTHY PASCAVAGE, as Executrix of PAUL J. PASCAVAGE, Deceased, Appellant, v CITY OF COHOES et al., Respondents. — Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered April 8, 1982 in

Albany County, upon a verdict rendered at Trial Term (Cholakis, J.), and (2) from an order of said court, entered April 19, 1982 in Albany County, which denied plaintiff's motion to set aside the verdict. This is an action to recover damages for false imprisonment and malicious prosecution of plaintiff's decedent, a clergyman, by the City of Cohoes and seven of its police officers. The complaint alleges that decedent was arrested without a warrant or investigation upon an alleged written complaint by one Stephanie Ukleja, taken to the police station for booking and fingerprinting, charged with petit larceny, and released without bail. The charge stemmed from an incident in which decedent refused to return Ukleja's cat, which was captured and held in a trap in the backyard of decedent's parish house. After motions and adjournment, the Police Court Justice dismissed the charge in the interest of justice. During the trial of this action, the court granted defendants' motion to conform the pleadings to the proof and to amend their answer pursuant to CPLR 3025 to allege the affirmative defense of justification. Following the jury verdict of no cause of action, plaintiff's CPLR article 44 motion to set the verdict aside and for entry of judgment in her favor was denied. Plaintiff has appealed from both the judgment and order denying said motion. CPLR 3025 (subd [b]) provides that a party may amend his pleadings or supplement it at any time by leave of the court and that leave shall be freely given upon such terms as may be just. CPLR 3025 (subd [c]) states that the court may permit pleadings to be amended before or after judgment to conform to the evidence. The general rule currently prevailing is succinctly stated in *Murray v City of New York* (43 NY2d 400) where, in a personal injury action, the trial court granted defendant leave to conform the pleadings to the proof upon a motion made after plaintiff had presented her witnesses and rested. The Court of Appeals held that "[t]he matter of allowing an amendment is committed 'almost entirely to the court's discretion to be determined on a sui generis basis' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476), 'the widest possible latitude' being extended to the courts (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14)" (*id.*, at pp 404-405). The court further said that "[w]here no prejudice is shown, the amendment may be allowed 'during or even after trial' [citations omitted]". The issue is distilled to the determination of whether plaintiff has demonstrated that prejudice resulted from the amendment. In permitting an amendment to increase the *ad damnum* clause, the courts, adhering to the rule in *Murray v City of New York* (43 NY2d 400, *supra*), have consistently held "there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23). Failure to demonstrate prejudice or surprise resulting directly from the delay precludes a finding of prejudice (*Stornelli v Aakron Rule Corp.*, 89 AD2d 1060; cf. *Edenwald Contr. Co. v City of New York*, 89 AD2d 836). Similarly, leave to amend has been granted in various situations: to assert the defense of limitation of time (*Snyder v Gallagher Truck Center*, 89 AD2d 705); to assert the defense of exclusivity of remedy under the Workers' Compensation Law in a personal injury action (*Malone v Jacobs*, 88 AD2d 927); and, even after trial in a construction contract case, to permit plaintiff to allege a cause of action under the trust provision of the Lien Law (*Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498). Courts have permitted amendment of the answer in false imprisonment causes of action to plead the defense of justification, even at the close of plaintiff's case (*Sindle v New York City Tr. Auth.*, 33 NY2d 293). In *Schanbarger v Baker* (75 AD2d 964), defendant was granted leave to amend the answer to interpose a defense in a malicious prosecution action. In a factual situation which is

strikingly similar to the case at bar, defendant was granted leave to amend the answer to interpose the defense of justification to causes of action for false imprisonment and malicious prosecution after the jury had returned verdicts for the plaintiff (*Bevilacqua v City of Niagara Falls,* 66 AD2d 988). Here, plaintiff claims that prejudice resulted from the fact that she had prepared for and proceeded to trial upon the premise that justification was not part of defendants' defense. The trial court correctly rejected this contention. The record shows that plaintiff herself placed justification in issue in her bill of particulars by alleging that decedent was arrested "unjustifiably and without just cause", and that "defendants' actions constitute malicious prosecution in that defendants * * * unjustifiably and without probable cause arrested". The motion for leave to amend the answer to plead justification and probable cause was granted after the direct testimony of one of the defendant police officers and before his cross-examination commenced. The direct testimony of that defendant, as well as the examinations before trial of various defendant officers, clearly shows that defendants did not seek to introduce any new facts or novel evidence to support the defense of justification which could surprise plaintiff. As was stated in *Sindle v New York City Tr. Auth.,* (33 NY2d 293, 297, *supra*), "It was the defendants' burden to prove justification — a defense that a plaintiff in an action for false imprisonment should be prepared to meet — and the plaintiffs could not have been prejudiced by the granting of the motion to amend". The delay resulting from an amendment to simply add a new legal theory of defense is not sufficient to warrant denial of the motion since the record clearly shows that plaintiff had full knowledge and notice of the events and facts relied upon by defendants to constitute their defense (see *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 513). We find that plaintiff has failed to establish any demonstrable prejudice from the granting of leave to amend the answer or that the trial court abused its discretion in allowing the amendment. Plaintiff's remaining contention that reversible error resulted from defense counsel's remark during summation is unpersuasive. Plaintiff's objection to the words "[a]s to damages, that money will come from taxpayer's money, and it's not a proper use of taxpayer's money" was properly and promptly sustained, the remark ordered stricken, and the jury instructed to disregard it. No motion for a mistrial was made. In our view, this single isolated impropriety does not appear to have influenced the jury's verdict and any prejudice resulting from the remark was effectively dissipated by the trial court's curative instructions (*Moore v Town of Huntington,* 39 AD2d 764). Judgment and order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.