■ TRIPLE CITIES CONSTRUCTION COMPANY, INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [599 NYS2d 874] —Casey, J. Cross appeals from a judgment in favor of claimant, entered January 3, 1992, upon a decision of the Court of Claims (Benza, J.).

This action arises out of claimant's construction of 2.39 miles of highway in Chenango County pursuant to a contract with the Department of Transportation (hereinafter DOT). Claimant's first cause of action seeks to recover on a quantum meruit basis, rather than the contract price, for certain slope protection work, which involved the placement of rock materials on unstable slope surfaces to prevent erosion. The second cause of action seeks to recover damages for the delay in completing the project allegedly caused by DOT. In its third cause of action, claimant seeks to recover for its subgrade fragmentation work and for certain material produced during the subgrade fragmentation phase of the construction and left in place as part of the subgrade.

Following a trial on the issue of liability only, the Court of Claims held that claimant was entitled to recover in part on its first and third causes of action, and the second cause of action was dismissed. Claimant and the State cross-appeal from the judgment.

The contract provided for slope protection and the plans indicated the areas where slope protection would be required. The contract further provided, however, that "the actual need, type and location of slope protection shall be determined by the Regional Soils Engineer based upon field conditions during construction". It is undisputed that during the first summer of the construction project, DOT's engineer determined that slope protection would not be needed in any of the locations designated on the plans, and claimant was directed to trim, seed and mulch the areas. After protesting and arguing that the slopes were too steep to be left without adequate protection, claimant performed the work as directed by DOT. By the following spring, it was apparent that some of the areas in which slope protection had been eliminated actually needed slope protection and claimant was directed to perform the work. Again claimant protested, arguing that the addition of slope protection in areas where the construction had been completed was not part of the contract, but claimant did the work as directed.

We agree with the Court of Claims that claimant is entitled to the actual cost plus profit and overhead less what was paid by the State for placing slope protection in areas where, at the direction of DOT, the slopes had been finished without slope protection. Claimant established at trial that because of the height of the slopes, it intended to follow the industry custom and practice of performing slope protection work during the construction or cutting of the slopes. The State, however, points out that in addition to the provision quoted above giving DOT's engineer the authority to determine the actual need, type and location of slope protection, the contract provides that slope protection "work shall be done at a time designated by the Engineer". According to the State, these provisions gave DOT's engineer unlimited discretion to determine whether and when to install slope protection, and that any additional work caused by the exercise of that discretion is to be compensated at the unit price contained in the contract.

The Court of Claims correctly determined that resolution of the issue raised by the parties' claims depended upon whether the work required by DOT's change orders "amounted to only

a quantitative increase or a qualitative change in the nature of the work outside the contemplation of the contract" *(Tufano Contr. Corp. v State of New York,* 25 AD2d 329, 330-331; *see, Depot Constr. Corp. v State of New York,* 23 AD2d 707, 707-708, *affd* 19 NY2d 109; *see also, Lancaster Dev. v State of New York,* 148 AD2d 892, 894). Claimant established at trial that due to the height of the slopes, the placement of slope protection on areas that had been constructed and finished without slope protection required different procedures, labor and equipment than the placement of slope protection during construction of the slopes, which was the industry practice. Although DOT's engineer was given discretion concerning the need and time for slope protection work, the contract clearly did not contemplate that slope protection would be eliminated from the areas designated in the contract plans and then, after the slopes had been finished without slope protection in accordance with DOT's direction, claimant would be required to add slope protection to the finished slopes at substantially greater cost than if it had been done during construction of the slopes.

Claimant contends that certain other slope protection work, which was added by DOT during construction to areas outside those designated in the contract plans, should be treated the same as the slope protection work added to the areas where it had been eliminated from the contract plans. We disagree. There is nothing in the record to show that the additions to areas outside those designated in the contract plans were anything other than quantitative additions which were contemplated by the contract. We also reject claimant's contention that the Court of Claims erred in denying claimant the cost of certain rock material used in the slope protection work. Claimant was required to supply the material as part of the slope protection work provided for in the contract and this requirement was not changed in any way by DOT's actions. Claimant's decision to dispose of the rock material it had originally stockpiled for use as slope protection was the result of its own choice and not DOT's direction; there is also evidence that claimant's failure to follow proper sequence in other erosion and pollution control measures contributed to claimant's need to borrow additional rock.

Claimant's second cause of action, seeking damages for delay resulting from the slope protection orders imposed by the State, was properly dismissed. The delay alleged by claimant is based in part upon its claim that despite the completion date listed in its progress schedule, an early completion was

originally anticipated. There is little evidence to support this claim, but more important is the absence of any evidence that claimant's costs were increased by the alleged delay *(see, Berley Indus. v City of New York,* 45 NY2d 683, 687). Claimant submitted evidence that its costs were increased by the manner in which it had to do slope protection work because of DOT's initial elimination and subsequent reimposition of slope protection for certain areas. These increased costs are recoverable under claimant's first cause of action and have no bearing on the second cause of action, which is limited to increased costs due to the alleged delay.

As part of its third cause of action, claimant seeks to recover for certain material which was produced during the subgrade fragmentation phase and left in place as part of the subgrade. According to claimant, the material met the specifications of contract item 203.20 (select granular subgrade) and, therefore, the State should pay the contract price provided in item 203.20. The material, however, was a product of claimant's work to obtain the required fragmentation of the subgrade in rock cuts. Page 10 of the contract plans contains a special note concerning rock fragmentation which provides: "In order to obtain fragmentation of the subgrade in rock cuts, the contractor shall progress the production drilling and blasting to a depth below subgrade elevation such as to ensure fragmentation to a plane indicated on typical section * * * The cost of drilling, blasting, material, equipment and labor necessary to complete the work shall be included in the price bid for item 203.02, excavation and embankment."

Inasmuch as claimant was to be paid for all rock fragmentation work pursuant to item 203.02, payment under item 203.20 for the material produced by the rock fragmentation work and left in place as part of the subgrade would, as found by the Court of Claims, constitute double payment. We agree with the Court of Claims that the only reasonable construction of the contract is that claimant is to be paid under item 203.02 for all rock fragmentation work, including the creation of material left in place as part of the subgrade. Item 203.20 simply has no application to such material.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.