EMBIEN PROPERTIES, INC., Appellant, v. EMMADINE FARMS, INCORPORATED, Respondent.— In this action to declare leases valid and to recover rents accrued thereunder, defendant sought a declaration that the leases were not enforcible and demanded reformation and the recovery of rent paid thereunder on the ground that the leases had been entered into under a mutual mistake, in that, contrary to the intention of the parties, they did not contain a provision that a zoning variance had been obtained, and did not provide that they were to be void if defendant could not use the premises for the purposes specified therein. Judgment was granted to defendant declaring the leases invalid and directing a recovery of the rent paid thereunder, on the ground that they had been entered into under a mutual mistake of law. Plaintiff appeals from the judgment, except that part which dismisses the first, second and fourth defenses, and the first counterclaim. Judgment, insofar as appealed from, unanimously affirmed, with costs. While the judgment is not strictly in accordance with defendant's pleadings, the variance is immaterial. (Civ. Prac. Act, § 434.) The findings of the trial court and the judgment thereon are supported by the evidence, which was received without objection, and the action appears to have been tried on the theory upon which the judgment was rendered. Under such circumstances

the variance may be disregarded, and defendant is entitled to the benefit of the defense established by the evidence. (Cf. *Williams* v. *People's Fire Ins. Co.,* 57 N. Y. 274, 278; *Knapp* v. *Simon,* 96 N. Y. 284, 293; *Baily* v. *Hornthal,* 154 N. Y. 648, 654; *Berkenstat* v. *Oliver,* 275 App. Div. 679, and *Slotnick* v. *Klein,* 280 App. Div. 984.) The rule of merger is inapplicable. Defendant was not granted relief on the basis of a prior agreement, not included in the leases which were executed. Relief was granted because of a mutual mistake, clearly established by the evidence. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.