■    EDWARD DONNER, JR. et al., Appellants, v. ALICE BAKER, Respondent. — Judgment unanimously reversed in the exercise of discretion, without costs of this appeal to either party, and a new trial granted. Memorandum: At the close of plaintiffs' case, defendant moved for a nonsuit and dismissal of plaintiffs' complaint on the ground that the defendant (landlord) had not retained control of the part of her premises occupied by plaintiffs (tenants) sufficient to give rise to tort liability for injuries caused by a defective condition thereof. The court reserved decision on defendant's motion. Plaintiffs then moved to amend their complaint to conform to the proof and to invoke the benefits of section 174 of the Multiple Residence Law. The motion was denied. Thereupon, the defendant rested without calling witnesses, renewed her motion for a nonsuit and moved for a directed verdict in her favor. The motion for a directed verdict was granted. The judgment of dismissal thereafter entered did not contain a recital that it was made "without prejudice," the effect of which was to make it a final determination on the merits and to bar the commencement of another action for the same cause. (Civ. Prac. Act, § 482; Hansen v. City of New York, 299 N. Y. 136.) Plaintiffs may well have thus been foreclosed of an opportunity to present, under proper pleading, their claims against the defendant based upon violation of the provisions of the Multiple Residence Law (cf. Luce v. New York, Chicago & St. Louis R. R. Co., 213 App. Div. 374, affd. 242 N. Y. 519), although there was evidence admitted without objection, which, under proper pleadings, would support a finding that the premises were subject to the provisions of that law. We think, in the interests of justice under the circumstances disclosed, the trial court, in the exercise of proper discretion, should have granted plaintiffs' motion to amend their complaint to conform to such proof. (Multiple Residence Law, § 4, subd. 33; §§ 30, 174; Civ. Prac. Act, § 434; Rules Civ. Prac., rule 166; Haas v. Brown, 282 App. Div. 916; Audley v. Townsend, 126 App. Div. 431, 434; 6 Carmody-Wait, New York Practice, p. 731.) (Appeal from judgment

of Monroe Trial Term for defendant for no cause of action by direction of the court, on motion by defendant who rested at the close of plaintiffs' case.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.