■ In the Matter of the Claim of ANNA E. ESPERSON, Respondent, v. GOWANDA STATE HOMEOPATHIC HOSPITAL et al., Appellants. WORKMEN'S

COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. Claimant worked at intervals at the Gowanda State Homeopathic Hospital over a span of eight years, leaving each time for personal reasons. Appellant hospital periodically X-rayed claimant after she came in contact during her earlier periods of employment with patients who were subsequently transferred because of their tubercular condition. She began her last period of employment on October 15, 1954, and left work on October 20, 1954, upon discovery of her tubercular condition. A rereading of the prior X rays and the claimant's previous contact with tubercular patients put the time when she contracted the disease well before the 12 months prior to her disablement which the board originally fixed as October 20, 1954. [We reversed the previous award (12 A D 2d 561) based upon claimant's disablement from October 20, 1954, for the reason that the claim was barred by section 40 of the Workmen's Compensation Law which could not be waived as it is an absolute jurisdictional prerequisite.] On remand, it was established that claimant's tubercular condition, as evidenced by the X rays of May, 1950, was sufficient to be disabling. The board has upheld an award fixing the date of the claimant's disablement as May, 1950. It decided that the failure to file a claim within two years from the date of disablement was not a bar to the award under section 28 of the Workmen's Compensation Law on the theory that the X rays were advance payments and also that the employer had failed to properly inform claimant of her condition. We believed that the award should be affirmed. The hospital assumed the duty of taking periodic X rays of claimant in order to immediately diagnose any tubercular condition evidenced by the claimant after she had been exposed to patients with such a condition while employed by the appellant. Claimant relied, as she had every right to rely, upon the assumption that her employer would correctly read the X rays and inform her of any picture indicating disease. The fact that claimant had contracted the disease was within the knowledge of the appellant hospital and, whether through inadvertence, carelessness or error, it failed to discover said condition and thereby inform claimant and itself of the situation. Had the employer informed claimant, she could have made timely claim. Thus, in effect, the employer complains that claimant did not make timely filing of a claim of which only the employer itself knew, or should have known, by a claimant whose ignorance of her disease and consequent claim resulted solely from the employer's own acts and omissions. Whether or not the classical elements of estoppel appear, or are reasonably inferable, seems unimportant; as surely the board was not bound to deny an award against the employer for a failure of filing which filing the employer's own wrongful and tortious conduct prevented. This conclusion renders unnecessary our consideration of the finding of an advance payment as an additional ground, such, in the board's view, being constituted by the taking of X rays. We would note, however, that there is some indication that the taking of X rays was routine procedure with respect to all employees. Although not the subject of a specific finding, Dr. Mudge's advice to claimant might be considered in the nature of an advance payment. Decision affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.