■ WINIFRED GODELL, Respondent, v. GREYHOUND RENT A CAR, INC. et al., Appellants, and GEORGE M. SCHMIDT, Respondent, et al., Defendant.— In a negligence action to recover damages for personal injury, the two defendants, Greyhound Rent A Car, Inc., and Aurea M. Garcia, separately appeal from

so much of a judgment of the Supreme Court, Queens County, entered May 4, 1964 after trial, upon a jury's verdict, as is in favor of the plaintiff and against them, respectively. Judgment modified on the law and the facts as follows: (1) by striking out the provision directing recovery by plaintiff from defendant Greyhound of the sum of $9,223.05; and (2) by substituting therefor a provision granting said defendant's motion to amend its answer, and a further provision dismissing the complaint against said defendant, without costs. As so modified, judgment insofar as appealed from, affirmed, with costs of the appeal to the plaintiff, payable jointly by the two defendants Greyhound and Garcia. Defendant Greyhound was the owner of the vehicle in which plaintiff was a passenger and which was being driven by plaintiff's fellow employee (defendant Atlas) in the course of their business. On February 15, 1961, more than three years before trial, Greyhound served a notice on plaintiff stating that upon the trial it would move for leave to amend its answer so as to include the affirmative defense that plaintiff and defendant Harry Atlas, the driver of the vehicle in which plaintiff was injured, were fellow employees and that there could be no recovery against Atlas or Greyhound except under the provisions of the Workmen's Compensation Law. Despite such notice, upon the trial the court denied the defendant Greyhound's motion to amend its answer. The trial court's denial of Greyhound's motion was an abuse of discretion in view of the fact that plaintiff was neither surprised nor prejudiced by the motion. CPLR 3025 mandates that such motions not be unduly denied. The affirmative defense set forth completely exonerates Greyhound, since its liability is wholly derivative (*Rauch* v. *Jones,* 4 N Y 2d 592). We have examined the contentions advanced on behalf of the defendant Garcia and find them to be without merit. Costs and disbursements are allowed as against defendant Greyhound in view of its failure to move to amend its pleading at Special Term (see CPLR 3025, subd. [b]). Ughetta, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.