■ HARRIETT BRECHER, as Administratrix of the Estate of EDWARD A. BRECHER, Deceased, Appellant, v. PHILIP C. BRECHER, Respondent.— In an action to recover damages for personal injuries and wrongful death, plaintiff appeals from an order of the Supreme Court, Kings County, dated May 15, 1969, which granted defendant's motion for leave to amend his answer so as to include therein the affirmative defense that plaintiff's exclusive remedy is under the Workmen's Compensation Law (§ 29, subd. 6), based on the fact that the decedent and defendant were coemployees and that the accident occurred in the course of their employment. Order affirmed, without costs. No opinion. Brennan, Acting P. J., Rabin, Martuscello and Kleinfeld, JJ., concur; Hopkins, J., concurs, with the following memorandum: In my judgment, the discretion of Special Term was properly exercised to grant leave to defendant to amend his answer to plead that plaintiff's exclusive remedy was provided by the Workmen's Compensation Law. Even though defendant delayed his motion for some five years after the institution of the action, the delay did not in itself prejudice plaintiff (*Ruggiero* v. *Faulkner,* 31 A D 2d 639; *Giliberti* v. *City of New York,* 23 A D 2d 666). Nor was prejudice shown by plaintiff (the administratrix of her husband's estate) by reason of the death of her husband, who originally commenced the action a year and a half previously. Plaintiff has filed a claim for benefits under the Workmen's Compensation Law and she has not established that she will be unable to rebut the defense at the trial. I do not mean to say that the defense of the statute under proper circumstances may not be waived or that prejudice to a plaintiff may not bar the granting of leave to amend an answer so as to interpose the defense. Section 29 of the Workmen's Compensation Law makes its provisions the exclusive remedy for injured parties claiming the right to recovery from their employer under the circumstances to which the statute applies (*Rauch* v. *Jones,* 4 N Y 2d 592). In this sense it may be said that the Supreme Court lacks jurisdiction to proceed, once the defense is proved. Nevertheless, it must be true that the Supreme Court retains the power to adjudicate the merits of the defense (cf. *Elman* v. *Belson,* 32 A D 2d 422, 424). And if a defendant fails to amend his answer

to raise the defense before trial, equally true it must be that he could not raise the defense at trial or on appeal (*Massi* v. *Alben Builders*, 270 App. Div. 482, 486, affd. 296 N. Y. 767). The opposite view that the Supreme Court lacks jurisdiction over the subject matter once the facts establishing the defense are elicited at the trial would lead to the untoward conclusion that the defense could be raised on appeal, even absent the pleading of the defense, for the defect of jurisdiction over the subject matter can never be waived (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 324; *Shea* v. *Export S.S. Corp.*, 253 N. Y. 17). This drastic conception of the import of the statute seems to me to be unacceptable. As a leading text indicates, usually such a construction is required, because the State or Federal Constitutions or a statute in express language deprives the court of the competence to act (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.11–3211.13). When certain cases say that the question of coverage of the Workmen's Compensation Law removes from the Supreme Court jurisdiction over the subject matter and thus allows an amendment of the answer so as to plead the defense (e.g. *Van Wie* v. *Gridley & Son*, 21 A D 2d 842; *Petrozzi* v. *Passamonte*, 32 A D 2d 716), the statement must be construed in the light of the holding in *Hunt* v. *Hunt* (72 N. Y. 217, 229) that "Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question." (Cf. *Jahn* v. *Berzon*, 255 App. Div. 1023.) Hence, the amendment of an answer to plead the statute before trial should liberally be granted to promote the legislative intent that employees should generally be compensated for their injuries through the exclusive remedy of the statute, but the court's discretion still remains to deny the amendment where clear and disabling prejudice will be worked to the plaintiff. In this appeal I find no such prejudice and the discretion of Special Term was properly exercised.