■ KATHLEEN MURRAY, as Administratrix of the Estate of JAMES F. MURRAY, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants.—In a negligence action to recover damages for wrongful death, etc., plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered May 1, 1975 as, after a jury trial,

dismissed the complaint against the defendant City of New York upon the trial court's granting of said defendant's motion to set aside the verdict on the ground that plaintiff's exclusive remedy was under the Workmen's Compensation Law. Judgment reversed insofar as appealed from, with costs, jury verdict in favor of plaintiff and against the defendant City of New York reinstated, and action remanded to Trial Term for entry of an appropriate amended judgment. Plaintiff's decedent, while a pedestrian on a public sidewalk in Brooklyn, was struck and killed as the result of a collision between a police car driven by an officer of the Police Department of the City of New York, responding to a radio call, and a private vehicle. At the time of his death, decedent was employed by the City of New York as a planner with the Economic Development Administration, with offices at 225 Broadway, Manhattan. He had been directed by his superior to make a survey of the Red Hook section of Brooklyn to determine the proper location for a container port. His job was to determine the vacancy rate and condition of buildings in the area. The defendant city did not assert the defense of the exclusivity of the workmen's compensation remedy (see Workmen's Compensation Law, §§ 11, 29, subd 6) in its answer, and it did not move to amend its answer prior to the trial. It was only after plaintiff had called her witnesses at the trial that the city moved to amend the answer in that regard. The trial court reserved decision. After the jury returned a verdict in favor of plaintiff and against all defendants, the trial court granted a motion by the city to conform the pleadings to the proof and held that the exclusive remedy of workmen's compensation barred plaintiff's common-law negligence action. In our view the trial court improvidently granted the city's motion to conform the pleadings to the proof at the late stage at which the workmen's compensation defense was first interposed. Such a plea is one based on collateral facts showing that the action could not be maintained and must be pleaded affirmatively to permit adequate ventilation of the issues at the trial *(Massi v Alben Bldrs.,* 270 App Div 482, 486; *Newland v Goelz,* 35 Misc 2d 29; *Brecher v Brecher,* 34 AD2d 671, revd on other grounds 27 NY2d 986; *Dransfield v Eastern Seaboard Warehouse Corp.,* 43 AD2d 569). Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.