*404 OPINION OF THE COURT
Cooke, J.
Plaintiffs decedent James F. Murray, while a pedestrian on a Brooklyn street, was struck by a New York City police car manned by two officers responding to a radio call, after it careened from a collision with another vehicle owned by Sarofino Virzi and operated by Mario Virzi (the latter not being served and against whom plaintiffs stipulated to discontinue). Two days later, Murray passed away. At the time of the accident, decedent was employed as a planner with the Economic Development Administration of the City of New York and had been assigned by his superior to make a feasibility study of the Red Hook section of Brooklyn as a possible location for a container port.
In this action for conscious pain and suffering and wrongful death, defendant City of New York did not allege in its answer the exclusivity of workmen’s compensation as a remedy nor did it move to amend the pleading before trial. However, after plaintiff presented her witnesses and after her counsel indicated plaintiff would rest, aside from reading a hospital record, the city moved for dismissal based on workmen’s compensation as a total bar to suit against the city. Trial court reserved decision. The next day, while the city’s proof was being presented and before Virzi called his witnesses, trial court indicated that it had reviewed the workmen’s compensation questions and had decided to dismiss as to the city, with the right to plaintiff to reopen, but all attorneys requested that the case "go to its fulfillment”. After a verdict was returned in favor of plaintiff against both defendants, liability being apportioned 25% against the city and 75% against Virzi, the Trial Justice granted the city’s motion to conform the pleadings to the proof, to set aside the verdict as against the city and to dismiss the complaint as to it. At no time did plaintiff ask to reopen. The Appellate Division reversed and reinstated the verdict against the city, stating that in its view "the trial court improvidently granted the city’s motion to conform the pleadings to the proof at the late stage at which the workmen’s compensation defense was first interposed.”
CPLR 3025 (subd [b]) is explicit that "[a] party may amend his pleading * * * at any time by leave of court” and that "[l]eave shall be freely given upon such terms as may be just”. The matter of allowing an amendment is committed *405 "almost entirely to the court’s discretion to be determined on a sui generis basis” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3205:4, p 476), "the widest possible latitude” being extended to the courts (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14). CPLR 3025 (subd [c]), dealing with amendments to conform pleadings to the evidence, authorizes courts to "permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just”. An application to amend under subdivision (c) is likewise addressed to the sound discretion of the court and should be determined in the same manner and by weighing the same considerations as upon a motion to amend pursuant to subdivision (b), except that under (c) the possibly increased effect on orderly prosecution of the trial might be a factor to be taken into account (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.26). Where no prejudice is shown, the amendment may be allowed "during or even after trial” (Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498, 502; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3205:15, p 487; cf. Brecher v Brecher, 27 NY2d 986, 987; Dransfield v Eastern Seaboard Warehouse Corp., 43 AD2d 569, 570).*
There was no operative prejudice here, that is, prejudice attributable to the mere omission to plead the defense in the original answer (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3025:6, p 477). When a variance develops between a pleading and proof admitted at the instance or with the acquiescence of a party, such party cannot later claim that he was surprised or prejudiced and the motion to conform should be granted (Donner v Baker, 11 AD2d 905; Embien Props, v Emmadine Farms, 282 App Div 1047, 1048; Berkenstat v Oliver, 275 App Div 679; Audley v Townsend, 126 App Div 431, 434; 6 Carmody-Wait 2d, NY Prac, § 34.44, p 127). Under such circumstances, even appellate courts have taken it upon themselves upon review to amend the pleadings to conform to the proof (see Matter of Pittsford Gravel Corp. v Zoning Bd. of Town of Perinton, 43 AD2d 811, 812, app dsmd 34 NY2d 618; Harbor Assoc, v Asheroff, 35 AD2d 667, 668, mot for lv to app den 27 NY2d *406 490; Di Rosse v Wein, 24 AD2d 510, 511, mot for lv to app den 16 NY2d 487; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.27, 3025.31; cf. Diemer v Diemer, 8 NY2d 206, 211-212). Here, plaintiff called to the stand decedent’s superior in the Economic Development Administration and elicited from him on direct examination that the project decedent was working on at the time he met his death was "a study of the Red Hook Section because at that time the administration was trying to determine the proper location for a container port”, that the superior assigned him to go to this area of Brooklyn to do the field work that had to be done, and that the specific thing decedent was doing when the accident happened "was running a survey of that area in order to determine the vacancy rate, the conditions of the buildings and so forth which was part of the information * * * required by City Planning”. The record is devoid of proof showing any deviation from employment at the time of the accident. (Cf. Matter of Sedlack v J. & A. Custom Heating & Air Conditioning, 32 AD2d 1020, 1021, affd 27 NY2d 784; Matter of Anadio v Ideal Leather Finishers, 32 AD2d 40, 42-43, mot for lv to app den 25 NY2d 737; 65 NY Jur, Workmen’s Compensation, § 330, p 839.)
Since under these circumstances plaintiff was not permitted to claim surprise or prejudice, it was an abuse of discretion as a matter of law on the part of the Appellate Division to disturb the trial court’s grant of the motion to conform the pleadings to the proof, set aside the verdict as against the city and dismiss the complaint as to it (see Sindle v New York City Tr. Auth., 33 NY2d 293, 296-297). Furthermore and significantly, the matter of workmen’s compensation came as no surprise to plaintiff since her bill of particulars stated decedent was employed by the City of New York (cf. Godell v Greyhound Rent A Car, 24 AD2d 568; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3025:6, p 477; CPLR 3025:13, p 483), at no time did plaintiff ask to reopen the case although trial court told plaintiff’s counsel that he "always [had] the right to reopen”, nor did plaintiff’s counsel indicate that a claim had not been timely filed for workmen’s compensation benefits. Indeed the record includes the court’s statement that said counsel had informed it "at the beginning” that "there was a reservation of the plaintiff’s right to proceed under compensation.” In response, counsel stated "I do not know that my client has a right to collect workmen’s compensation. All that I did say and represent is that a certain letter was sent to the *407 Compensation Board requesting that her rights be reserved”— hardly a full and complete statement showing prejudice (see Lermit Plastics Co. v Lauman & Co., 40 AD2d 680; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3025:7, p 479).
 Workmen’s compensation is an exclusive remedy as a matter of substantive law and, hence, whenever it appears or will appear from a plaintiffs pleading, bill of particulars or the facts that the plaintiff was an employee of the defendant, the obligation of alleging and, in any event, of proving noncoverage falls on the plaintiff (cf. O’Rourke v Long, 41 NY2d 219, 224-225). Although the issue may be waived, as plaintiff here argues, such waiver is accomplished only by a defendant ignoring the issue to the point of final disposition itself and, in this sense, it is not the kind of subject-matter jurisdiction deficiency which ousts a court of competence to decide the case (see Nuernberger v State of New York, 41 NY2d 111, 113). Here, the issue was raised by the motion to dismiss and then by the application to amend.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the judgment of Supreme Court, Kings County, reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Fuchsberg taking no part.
Order reversed, etc.

 The Advisory Committee noted that CPLR 3025 (subd [c]), based on Illinois Practice, "is intended to govern both amendment during trial, when proffered evidence is objected to, and amendment during or after trial in case of variance” (Advisory Committee on Practice and Procedure, Ford Preliminary Report 78 [1957]).