■ ERNEST A. BEVILACQUA et al., Respondents, v CITY OF NIAGARA FALLS, Appellant.—Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted, in accordance with the following memorandum: In an action for damages against defendant City of Niagara Falls based on an incident involving an allegedly unlawful arrest and use of excessive force by the police the jury returned verdicts for the plaintiff Ernest Bevilacqua as directed by the court on the first cause of action, false arrest, and the second cause of action, false imprisonment. The jury found in favor of defendant on the third cause of action, malicious prosecution, and in favor of plaintiff Ernest Bevilacqua on the fourth cause of action,

assault and battery. It awarded $2,500 compensatory damages to plaintiff Lenore Bevilacqua on the fifth (derivative) cause of action, and $12,500 punitive damages to plaintiff Ernest Bevilacqua. On appeal defendant contends that the court erred in denying its request to recall plaintiff Ernest Bevilacqua, after the close of plaintiffs' case, for the purpose of additional cross-examination concerning Ernest Bevilacqua's alleged convictions for assault and petit larceny. The extent to which cross-examination not relevant to the issues of the case but bearing solely on the credibility of a witness may be introduced is discretionary with the Trial Judge (People v Caviness, 38 NY2d 227, 232; People v Duffy, 36 NY2d 258, 262-263, cert den 423 US 861; People v Sorge, 301 NY 198). The court's denial was not an abuse of discretion. With respect to the first and second causes of action, false arrest and false imprisonment, defendant argues that the court erred in denying its motion to amend its answer to include the affirmative defense of justification and in directing verdicts in favor of plaintiff. The granting or denial of a motion for leave to amend shall be "freely given" within the sound discretion of the court (CPLR 3025, subd [b]; Cerrato v Crown Co., 58 AD2d 721; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476). Here, where evidence on the question of justification was admitted throughout trial without objection, the motion was tantamount to a motion to conform the pleadings to the proof, and it was an abuse of discretion to deny the motion in the absence of a showing of prejudice to plaintiff (Murray v City of New York, 43 NY2d 400, 405; Di Rosse v Wein, 24 AD2d 510; Donner v Baker, 11 AD2d 905; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:6, pp 477-478; CPLR 3025:15, pp 486-487). The issue of justification should have been submitted to the jury. Thus the verdicts in favor of plaintiff Ernest Bevilacqua on the first two causes of action must be reversed and a new trial ordered. Plaintiffs did not appeal from the dismissal of the cause of action for malicious prosecution and that verdict in favor of defendant may stand. The only ground urged by defendant for reversal of the verdict in favor of plaintiff Ernest Bevilacqua on the assault and battery cause of action is that it should have been permitted to recall Ernest Bevilacqua to the stand for additional cross-examination. We have found that argument to be without merit, and the verdict on assault and battery may also stand. Inasmuch as it is impossible to determine what if any portion of the $2,500 compensatory damage awards for plaintiffs Ernest Bevilacqua and Lenore Bevilacqua were attributable to the improperly directed verdicts in favor of Ernest Bevilacqua for false arrest and false imprisonment, these awards must be reversed. For the same reason, the award of $12,500 punitive damages for Ernest Bevilacqua must also fall. Although at trial defendant took no exception to the court's submission of the issue of punitive damages to the jury, it now urges that because defendant is a municipality the court should not have done so. Because we are reversing and directing a new trial on other grounds it is unnecessary for us to decide whether there was a sufficient showing to support an award of punitive damages against the city. The general rule is that absent evidence that a municipality "employed unfit police officers or that they authorized or ratified any willful, wanton or malicious acts of such officers," an assessment of punitive damages against a municipality for the actions of its officers is not justified (Matter of Mastrodonato v Town of Chili, 39 AD2d 824, 825; Chirieleison v City of New York, 49 AD2d 873; see Eifert v Bush, 27 AD2d 950, affd 22 NY2d 681; Baynes v City of New York, 23 AD2d 756; Snyder v State of New York, 20 AD2d 827). On retrial the court must decide whether plaintiff has adduced sufficient

evidence to warrant submitting the question of punitive damages to the jury, and if so the jury should be instructed with respect to the limited circumstances in which such an award may be made. Accordingly, a retrial should be had on the first and second causes of action with respect to liability and on the first, second, fourth, and fifth causes of action with respect to all damage issues. Defendant's answer shall be deemed to have been amended to include the affirmative defense of justification to the first two causes of action. (Appeal from judgment of Niagara Supreme Court— false arrest.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.