■ ANNA BAY et al., Respondents, v NEW YORK MEDICAL COLLEGE FLOWER & FIFTH AVENUE HOSPITAL et al., Appellants.—In a medical malpractice action, defendants appeal from an order of the Supreme Court, Queens County, dated August 30, 1979, which denied their motion for leave to serve an amended answer to include the affirmative defense of workers' compensation. Order reversed, without costs or disbursements, and motion granted. Appellants' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. We disagree with Special Term's determination that (1) defendants' delay of more than two years in seeking the instant amendment of their answer to interpose the affirmative defense of workers' compensation as the exclusive remedy of the plaintiff wife was unreasonable and (2) plaintiffs would be substantially prejudiced by such amendment. We also do not agree with plaintiffs' contention on appeal that they were prejudiced by the fact that had such defense been interposed in the original answers served by the defendant hospital and the individual defendant, its employee, in August and September, 1977, respectively, a claim under the Workers' Compensation Law would have been interposed on behalf of the plaintiff wife. No prejudice may be attributable to the mere omission of a defendant to plead a defense in the original answer (Murray v City of New York, 43 NY2d 400, 405). Moreover, the record reveals that the alleged negligent treatment of the plaintiff wife by the defendant doctor for breast cancer at the defendant hospital's service clinic for employees occurred in March, 1975, and that she admitted becoming aware in September or October, 1975, that she had a cancerous lesion in her right breast which necessitated her undergoing a mastectomy. However, although aware of such condition, she nevertheless failed to file a claim for workers' compensation benefits within the two-year period commencing in the fall of 1975, and has set forth no sufficient explanation for such failure (cf. Matter of Esperson v Gowanda State Homeopathic Hosp., 20 AD2d 828). Furthermore, the possibility of her being eligible for workers' compensation benefits was of no surprise to the plaintiff wife, or should not have been, since in the bill of particulars drawn by her attorney, is a statement that she was employed by the defendant hospital at the time the alleged malpractice occurred (cf. Murray v City of New York, 43 NY2d 400, 406-407, supra). In conclusion we note that during her oral deposition the plaintiff wife testifed she was "billed" by the defendant hospital on each occasion that she used the services of the hospital's health service clinic for its employees, including her treatment there by the defendant doctor in March, 1975. The same was true when other employees used such facility. However, according to the plaintiff wife, she believed the (employees') union paid the expenses evidenced by such billings. Therefore, granting the within motion permitting defendants to interpose the affirmative defense of workers' compensation does not preclude plaintiffs from further exploring the question as to whether workers'

compensation is the exclusive remedy where an employee allegedly suffers injuries while availing himself or herself of services or facilities furnished by his or her employer to the general public, if the employee's access to such services or facilities was a benefit regularly furnished, *inter alia,* in consequence of a union contract (cf. *Garcia v Iserson,* 33 NY2d 421, 424). Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.