■ EUGENIA O. WYSO, Individually and as Executrix of PETER J. WYSO, Also Known as PETER J. WYSOCZYNSKI, Deceased, et al., Appellants, v CITY OF NEW YORK, Respondent. — In a wrongful death action, plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered February 5, 1982, as granted that branch of the defendant's motion which was for leave to amend its answer to add an affirmative defense based on the "exclusive" remedy of workers' compensation. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendant sought and was granted leave to amend its answer to assert as an affirmative defense the exclusive remedy of workers' compensation. The motion was made approximately three years after issue was joined by service of defendant's original answer. Subdivision (b) of CPLR 3025 empowers the court to freely grant motions to amend pleadings; however, the court will deny relief when unjustified delay results in significant prejudice to the opposing party (*Campbell v La Forgia Oil Co.,* 81 AD2d 824; *James-Smith v Rottenberg,* 32 AD2d 792), or if laches or waiver precludes the amendment of the pleadings. The plaintiffs do not dispute that they were fully aware of the decedent's employment status at the time of the fatal accident which occurred during the course of his employment. This information is alleged in the complaint. Therefore, they cannot properly claim surprise or prejudice. Thus, Special Term did not abuse its discretion by permitting the defendant to amend its answer (cf. *Murray v City of New York,* 43 NY2d 400, 404, 405, which quotes Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3205:4, p 476: "The

matter of allowing an amendment is committed 'almost entirely to the court's discretion to be determined on a sui generous basis'"). Nor may prejudice be attributed to defendant's omission to plead an affirmative defense in the original answer (*Murray v City of New York, supra,* p 405; *Bay v New York Med. Coll. Flower & Fifth Ave. Hosp.,* 75 AD2d 834). Prejudice sufficient to defeat an amendment must be traceable "to the omission from the original pleading of whatever it is the amended pleading wants to add — some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add" (Siegel, New York Practice, § 237, p 289). The plaintiffs have failed to demonstrate any prejudice by defendant's interposing this affirmative defense in this action, the genesis of which was also the basis for plaintiffs' application and receipt of workers' compensation benefits. Plaintiffs further assert that defendant waived the workers' compensation defense by its failure to plead such defense at the appropriate time. The issue of the exclusivity of workers' compensation benefits is only waived when the defense is not raised until final disposition (*Murray v City of New York, supra,* p 407). Thus, defendant's alleged laches will not defeat its application to interpose the workers' compensation defense at this time. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.