Jasen, J.
(dissenting). The court holds today, almost casually, that both courts below had abused their discretion, as a matter of law, in staying further proceedings in this action pending a determination by the Workers’ Compensation Board as to whether plaintiffs’ decedents were employees of defendant Duncan Petroleum Transport, Inc., at the time they suffered injuries resulting in theindeaths. Because I cannot agree that the courts below abused their discretion, especially in light of our clear pronouncements in Murray v City of New York (43 NY2d 400) and O’Rourke v Long (41 NY2d 219), I must dissent.
In O’Rourke v Long (supra, at p 221), we stated: “The initial question to be resolved whenever a defense of workmen’s compensation is presented is whether the plaintiff has a right to bring a plenary action. If the right to sue the employer has been stripped away by workmen’s compensa *29 tion coverage, it is an arrogation of jurisdiction to consider a tort complaint on its merits.” This clear language conveyed to the Judges below that preliminary factual questions, such as we have here, which will determine whether the Workers’ Compensation Board or the courts are the proper forum to adjudicate a claim should be resolved prior to any plenary trial. Thus, we held that whether the potential plaintiff was an employee was usually a question of fact for the Workers’ Compensation Board (O'Rourke v Long, supra, at p 224, citing Matter of Gordon v New York Life Ins. Co., 300 NY 652, 654), and the proper course in deciding whether the plenary action could proceed would be to “await a conclusive determination by the Workmen’s Compensation Board.” (O’Rourke v Long, supra, at p 224.) For a court below to disregard such a positive and fixed rule of law would have been not only an abuse of discretion, but also a mistake of law.
We recognized in our ORourke holding that the Legislature had chosen to make workers’ compensation an employee’s exclusive remedy against the employer. The policy embodied in this legislative determination was that both the employer and employee should have a forum within which to seek a swift resolution of any claim between them. The Workers’ Compensation Board additionally supplies a sure source of benefits for the employee while assuring the employer that the cost will be regulated and stable. But perhaps most significantly, particularly in today’s complex business world, the Workers’ Compensation Board provides the expertise necessary to properly and uniformly administer this technically based program and assure that the Legislature’s goals are fulfilled. These policy reasons support beyond cavil our fixed rule of law that the Workers’ Compensation Board, and not a civil jury, is the proper body to determine whether the defendant in this case was an employer of the decedents.
The majority appears to agree to the extent that they believe primary jurisdiction exists in the Workers’ Compensation Board, but in this case they would allow a jury to decide the factual question of whether defendant is an employer within the meaning of the Workers’ Compensation Law because of what they term defendant’s unaccept *30 able conduct in waiting until the eve of trial to assert the “defense” of workers’ compensation. I cannot agree that this delay, even if it was shown to be attributable to the defendant, should effectively remove what has previously unequivocally been held to be the exclusive jurisdiction of the Workers’ Compensation Board. The assertion by the defendant that it is an employer raises a factual question which should properly be resolved by the Workers’ Compensation Board. This is particularly true because the factual question is not whether the defendant is an employer as that term is defined in the common law, but rather whether defendant is an employer within the meaning of the Workers’ Compensation Law. (Workers’ Compensation Law, § 2, subd 3.) As the agency established to interpret these statutes in order to effectuate the legislative policy in a uniform manner, the Workers’ Compensation Board is the proper forum for the resolution of this issue. This is especially so when the resolution of the factual question potentially involves a complex employment relationship such as the one alleged to have existed in this case.
It may be argued, as the majority appears to, that despite the strong policy favoring a deferential policy on the part of the courts to the Workers’ Compensation Board, and absent a showing of prejudice, it is, in some manner, unfair to allow the defendant to raise this jurisdictionally critical issue immediately before trial. The short answer to that argument is that in Murray v City of New York (43 NY2d 400, supra), we unanimously reversed the Appellate Division for holding that “the trial court improvidently granted the city’s motion to conform the pleadings to the proof at the late stage [during trial, as opposed to before trial in this case] at which the workmen’s compensation defense was first interposed.” (Murray v City of New York, 54 AD2d 942, 943.) In that case, we adhered to the rationale of O’Rourke v Long (supra) and held that the pleadings could be amended at any time prior to the entry of a final judgment to raise a defense of workers’ compensation coverage and that any motion to amend should be viewed liberally by the courts below in exercising their discretion. (CPLR 3025, subd [b].) In addition, we clearly restated the *31 O’Rourke rule that “[w]orkmen’s compensation is an exclusive remedy as a matter of substantive law and, hence, whenever it appears or will appear from a plaintiff’s pleading, bill of particulars or the facts that the plaintiff was an employee of the defendant, the obligation of alleging and, in any event, of proving noncoverage falls on the plaintiff.” (Murray v City of New York, 43 NY2d 400, 407, supra.)
It follows logically that it is within the court’s discretion, to be exercised liberally, to stay the proceeding until such time as the Workers’ Compensation Board has resolved that particular question of fact. While this may work some hardship in a case where the trial has begun, I cannot agree with the majority (at p 27) that plaintiffs in this case have necessarily suffered the “‘operative prejudice’” referred to in Murray v City of New York (supra, at p 405). In this case, there was no finding of prejudice to the plaintiff and it is beyond our power to make such a finding. Furthermore, greater prejudice may result to both sides if after going through the time-consuming and expensive process of trial it is determined by the trial jury that defendant is an employer and the plenary action is barred. (O’Rourke v Long, supra, at p 221.)
Finally, whether a stay should have been granted is, particularly in these circumstances, a question of discretion. We previously indicated that discretion should be exercised liberally to allow amendments to the pleadings and I believe the standard for the granting of a stay should be as liberal to avoid conducting what may be determined to be a useless trial. By holding that the Trial Judge and the Appellate Division in this case abused their discretion •as a matter of law, the majority is in reality merely substituting its own discretion for that of the courts below. I cannot agree that given the strong policy behind the Workers’ Compensation Law, as we have made clear in our O’Rourke and Murray decisions, it was an abuse of discretion to grant the stay pending resolution by the Workers’ Compensation Board of a question which is clearly within their mandated authority and technical expertise.
Accordingly, I would affirm the order of the Appellate Division.
*32 Chief Judge Cooke and Judges Meyer and Simons concur with Judge Jones; Chief Judge Cooke concurs in a concurring memorandum; Judge Jasen dissents and votes to affirm in a separate opinion; Judge Wachtler taking no part.
Order reversed, with costs, motion for a stay denied and case remitted to Supreme Court, Suffolk County, for trial. Question certified answered in the negative.