■ JOAN MATTHEWS, Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated November 9, 1988, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $210,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

As a volunteer worker at the Nassau County Fine Arts Museum, the plaintiff was entitled to workers' compensation benefits pursuant to the Nassau County Administrative Code

§ 2105 (b) for job-related injuries. At trial it was established that the plaintiff was generally scheduled to volunteer her services at the museum gift shop on Tuesdays and Fridays. While the accident occurred on a Thursday, the plaintiff testified that she had come to the museum that day because she had been asked to meet with Ann Ellis, a member of the museum staff, to discuss the gift shop where she volunteered. While she was waiting for Ellis to arrive, the plaintiff made herself coffee in a kitchen, apparently available to employees, and conversed with Ellis's secretary. Shortly thereafter, the plaintiff agreed to get a telephone number from the gift shop for a museum bookkeeper. Clearly, the plaintiff was present at the museum and performing services as a volunteer when she went to retrieve the telephone number. Further, "[t]he record is devoid of proof showing any deviation from employment at the time of the accident" (Murray v City of New York, 43 NY2d 400, 406). Specifically, the plaintiff testified that she slipped and fell in the hallway while she was returning from the errand for the bookkeeper. Moreover, the plaintiff's notice of claim, which was verified by her, and the museum incident report, both indicated that the accident occurred while the plaintiff was acting as a volunteer at the museum. It is further noted that a week after the accident, the executive director of the Nassau County Office of Cultural Affairs notified the plaintiff by letter that as a volunteer, she was entitled to workers' compensation benefits.

Consequently, under the circumstances herein, the trial court should have granted the defendant's motion at the conclusion of the case for judgment during trial dismissing the complaint on the ground that the plaintiff failed to present prima facie proof that her injury was not job related (see, e.g., Murray v City of New York, supra, at 407).

In light of this determination, the other issues raised by the defendant and the other contentions raised by the plaintiff in support of an affirmance need not be addressed. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.