■ MICHAEL BROWN et al., Appellants, v AUGUSTINE COLLORA, JR., Defendant and Third-Party Plaintiff-Respondent. TOWN OF ISLIP, Third-Party Defendant-Appellant. [718 NYS2d 183] —In an action, *inter alia,* to recover damages for personal injuries, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 10, 1999, as granted that branch of the motion of the defendant third-party plaintiff which was for leave to amend its answer to assert the affirmative defense of the Workers' Compensation Law, and (2) the third-party defendant separately appeals from the same order.

Ordered that the appeal by the third-party defendant is dismissed, for failure to perfect same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the plaintiffs.

The Supreme Court providently exercised its discretion in granting the defendant third-party plaintiff leave to amend his answer to assert the affirmative defense of the Workers' Compensation Law, as the defense appears to be meritorious and the plaintiff failed to establish prejudice or surprise (*see,* CPLR 3025 [b]; *Murray v City of New York,* 43 NY2d 400).

Contrary to the plaintiffs' contention, the Supreme Court did not conclude that the plaintiff Michael Brown and the defendant third-party plaintiff were "in the same employ" within the meaning of Workers' Compensation Law § 29 (6). Mangano, P. J., Thompson, Feuerstein and Schmidt, JJ., concur.