Lee v 33 Captain Claws Inc. (2023 NY Slip Op 06089)

Lee v 33 Captain Claws Inc.

2023 NY Slip Op 06089

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 656140/21 Appeal No. 1092 Case No. 2023-02712 

[*1]Do Kyung Lee, Plaintiff-Appellant,
v
33 Captain Claws Inc., Defendant-Respondent.

The Basil Law Group, P.C. New York (Robert J. Basil of counsel), for appellant.
Cullen and Dykman LLP, New York (Richard A. Coppola of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 1, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion denied.
There is a triable issue of fact as to whether plaintiff's assignment of his shares of defendant to Joung Hoon Lee (JH Lee) is valid, i.e., whether plaintiff is still a shareholder of defendant (see generally Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1037-1038 [2d Dept 2020]). According to the Shareholders Agreement, a valid assignment requires that plaintiff transfer his shares at fair market value and that the other shareholders (JH Lee and Jong Chul Park) consent in writing.
The assignment recites that it was made for valuable consideration. However, "valuable consideration" is not the same as "fair market value." "[F]air market value is the price at which an asset would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of any relevant facts" (Congel v Malfitano, 31 NY3d 272, 296 n 12 [2018] [internal quotation marks and brackets omitted]). Viewing plaintiff's affidavit in the light most favorable to his position (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), he was not a willing seller, and he did not have reasonable knowledge of the relevant fact that he was not personally liable for defendant's debts.
In any event, the second requirement of the shareholders agreement — written consent by JH Lee and Park to plaintiff's sale of his shares as stated in section 4.3— was not satisfied. "[W]aiver of a contractual provision should not be lightly presumed, must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act" (Keitel v E*TRADE Fin. Corp., 153 AD3d 1181, 1182 [1st Dept 2017] [internal quotation marks omitted], lv denied 31 NY3d 903 [2018]).
Defendant contends that section 4.3 was intended to apply only to sales to third parties, not to the original shareholders. While colorable, section 4.3 says, "Under nocircumstances [are] the shares of stock . . . to be sold or negotiated unless consented in writing by the other Shareholders." At a minimum, an ambiguity exists as to whether such written consent was required.
Furthermore, the fact that on the same day that plaintiff signed the assignment Park assigned his own shares to JH Lee does not constitute written consent by Park to plaintiff's sale of shares.
Plaintiff's argument that the assignment of his shares was invalid does not contradict the complaint; it is actually consistent with the allegation that he is still a shareholder of defendant. Although it might have been better if the complaint had mentioned the assignment, plaintiff could move to conform the pleadings to the proof, given that defendant was the one who introduced the assignment (see Murray v City of New York, 43 NY2d 400, 405 [1977]).
Ultimately, a trier [*2]of fact — who can evaluate the credibility of plaintiff, JH Lee, and Yi Ming Hong — might conclude that plaintiff willingly assigned his shares to JH Lee for $0 (even though he paid $450,000 for them) and waived the requirement of written consent by the other shareholders. However, this issue should not have been decided on summary judgment.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023